UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY R. CUSIMANO,

    Plaintiff,

v.                              CASE No. 8:10-CV-2200-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security fails to evaluate properly the plaintiff's limitation to low-stress work, the decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was forty-four years old at the time of the administrative hearing and who has the equivalent of a high school education,

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

has worked as a machinist and production supervisor (Tr. 30-31, 44-45). She filed a claim for Social Security disability benefits, alleging that she became disabled due to interstitial cystitis, allergies, stress incontinence, migraine headaches, irritable bowel syndrome, and disc degeneration of cervical spine (Tr. 130). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of interstitial cystitis, restless leg syndrome, degenerative disc dehydration of the cervical spine, fibromyalgia, and disorder of the lumbar spine (Tr. 16). She concluded that the plaintiff could perform light work with a sit/stand option (Tr. 17). Additionally, the law judge found that the plaintiff is limited to a job that has no daily production quotas and permits three- to five-minute bathroom breaks every hour (Tr. 17, 20). The law judge found that, with this residual functional capacity, the plaintiff could not return to past relevant work (Tr. 20). However, based on the testimony of a vocational expert, the law judge ruled that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as ticket seller, mailroom clerk, and warehouse checker (Tr. 21).

Therefore, the law judge found that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff asserts that the law judge erred by rejecting the opinions of her treating physicians, and in discounting her credibility (Doc. 16). Additionally, the plaintiff contends that the law judge's finding that there are a significant number of jobs in the economy that she could perform is not supported by substantial evidence (id.). The plaintiff has demonstrated reversible error with respect to the law judge's evaluation of the plaintiff's stress incontinence, which is a condition resulting from her severe impairment of interstitial cystitis.

Dr. Ramon Perez, the plaintiff's treating urologist, stated in a Bladder Problem Impairment Questionnaire that, due to the plaintiff's interstitial cystitis and incontinence, the plaintiff would need to take unscheduled restroom breaks four to six times during an eight-hour workday, and that she would be absent from work more than three times a month (Tr. 589). Dr. Perez added that stress triggers the plaintiff's urinary frequency and incontinence, but that she was "[c]apable of low stress" work (Tr. 588, 589).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Moreover, "[t]he [administrative law judge] must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge acknowledged in the decision Dr. Perez's opinions, and purported to give them "great weight," with the specific exception of Dr. Perez's opinion that the plaintiff would be absent more than three days per month (Tr. 18-19). In view of Dr. Perez's opinions of urinary frequency and incontinence and a capability of low stress work, the law judge incorporated in the plaintiff's residual functional capacity an hourly bathroom break, and a restriction to jobs that do not require daily production quotas (Tr. 17).

The plaintiff argues that the law judge erred because she did not include in the residual functional capacity Dr. Perez's limitation to low-stress work (Doc. 16, p. 14). Thus, she argues that the law judge's restriction to

jobs without production quotas does not sufficiently account for the limitation to low-stress jobs and, therefore, the law judge improperly ignored this opinion (id.).

As the plaintiff contends, the law judge accepted Dr. Perez's opinion that the plaintiff was limited to low-stress work only insofar as it pertained to work with daily production quotas. Thus, the residual functional capacity set forth in the law judge's decision does not denominate "low-stress" work (Tr. 17) and, critically, the pertinent hypothetical question to the vocational expert did not specify a low-stress job (Tr. 47). Rather, the law judge stated to the vocational expert that the plaintiff's work "should not be a job that involves daily production quotas as in the end of the day, 'X' number of products must be made, or bound, or done something [sic] in a production line situation" (id.). She added further that she meant "a rigid producing type requirement" (Tr. 50). Thus, the law judge interpreted "low-stress" work to be a job without production quotas.

There is no basis for thinking, however, that, when Dr. Perez indicated that the plaintiff was capable of low-stress work, all he had in mind was the elimination of jobs with daily production quotas. A "low-stress" job

typically encompasses more limitations than just the absence of daily production quotas. See, e.g., Mace v. Astrue, 2008 WL 4058050 at *7 (N.D. Fla. 2008)(unpub. dec.). As pointed out in Social Security Ruling 85-15, 1985 WL 56857 at *6 (S.S.A.), which was cited by the Commissioner, "[t]he reaction to the demands of work (stress) is highly individualized." Therefore, if the law judge concluded that the plaintiff's limitation to low-stress work is accommodated by the absence of production quotas, she needed to explain the basis for that conclusion, as it constitutes a partial rejection of Dr. Perez's opinion that the plaintiff is limited to low-stress work. However, the law judge did not explain the basis for such a conclusion.

The law judge's failure to justify treating Dr. Perez's opinion that the plaintiff was limited to low-stress work as only eliminating jobs with daily production quotas undermines the validity of the hypothetical question that was the basis for the finding that there were jobs in the national economy that the plaintiff could perform. Thus, without a proper rejection of Dr. Perez's opinion that the plaintiff was limited to performing "low-stress" jobs, as that term is more broadly understood, then that limitation should be incorporated into the residual functional capacity and the hypothetical question to the

vocational expert. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002)("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."). Because the dispositive hypothetical question to the expert did not include a general restriction to low-stress work, but was limited to rigid production quotas, the answer from the expert to that question cannot validly be the basis for the law judge's finding of not disabled.

Significantly, the Commissioner makes no argument that the three jobs identified by the expert – ticket seller, mailroom clerk, and warehouse checker – constitute low-stress work. Moreover, I am not prepared to speculate that they do.

In short, Dr. Perez opined that the plaintiff was only capable of low-stress work. The law judge did not fully accept that opinion and failed to provide any basis for her narrowing interpretation. In light of that failure, the hypothetical question is critically flawed. These circumstances, consequently, result in reversible error. Cf. Barrio v. Commissioner of Social Security Administration, 394 Fed. Appx. 635, 637 (11th Cir. 2010)(unpub.

dec.)(law judge's failure to explain how her former work constituted a low-stress environment was reversible error).

In view of this conclusion, it is unnecessary to resolve the plaintiff's other contentions. Nonetheless, it is appropriate to note, in order to avoid potential error on remand, other problematic aspects of the decision.

The plaintiff argues that evidence was not properly elicited from the vocational expert regarding the reduction in the occupational base caused by the plaintiff's need to take hourly bathroom breaks. Thus, when the vocational expert was asked whether there were jobs in the economy in significant numbers that could be performed by someone with the plaintiff's limitations, the vocational expert opined "[y]es, as long as the employer was somewhat flexible with this three to five minute break every hour" (Tr. 48). The vocational expert then opined that the plaintiff could perform the jobs of ticket seller, mail room clerk, and warehouse checker (id.). However, the vocational expert did not discuss the extent to which employers would permit such frequent bathroom breaks and, thus, whether this accommodation would erode the occupational base. Accordingly, on remand, the law judge should

question the vocational expert regarding the effect of this accommodation on the occupational base.

The plaintiff also challenges the law judge's credibility determination. She argues that it is inadequate because it consists only of an "oft-repeated declaration" (Doc. 16, p. 18).

I have rejected as insufficient the challenged language a number of times. See, e.g., McKinney v. Astrue, 2010 WL 149826 at *3 (M.D. Fla. 2010)(unpub. dec). However, I have found acceptable comments on the plaintiff's credibility when they are scattered throughout the decision rather than set forth in a consolidated explanation. I am not sure that there are enough statements in the decision that can be cobbled together to justify adequately the credibility finding. Under the circumstances, there is no reason why I should struggle to make such a determination. In all events, the Commissioner is warned that, on remand, a more detailed credibility finding should be provided if benefits are denied.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED** and the matter **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 26th day of August, 2011.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE